UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CALVIN GRAY,

                        Petitioner,                          **MEMORANDUM & ORDER**

          -against-                                     04 CV 1419 (RJD)

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------X
DEARIE, Chief Judge.

Petitioner Calvin Gray seeks relief from his conviction and sentence pursuant to 28 U.S.C. § 2255, and moves pursuant to Federal Rule of Civil Procedure 60(b) to vacate the same judgment of conviction. For the reasons set forth below, both the 60(b) and 2255 applications are denied and the petition is dismissed.

## DISCUSSION

**A.    Background**

On April 9, 2003, petitioner entered a plea of guilty, before Magistrate Judge Viktor V. Pohorelsky, to Count One of the indictment in *02 CR 969 (RJD)*, which charged him with conspiring to distribute crack cocaine in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C). On October 15, 2003, this Court sentenced petitioner to a term of 46 months, considerably less than the 77-month (and then 57-month) recommendations made by the Department of Probation.

**B.    The 2255 Claims**

Gray's "Claim I" asserts that he was denied the effective assistance of counsel because his

1

attorney allegedly urged him to enter a plea of guilty without first advising him of the "true nature of the exact charge" to which he would plead. "Claim II" charges that his attorney was ineffective "for advising [petitioner] to enter a plea of guilty without challenging the validity of the affidavit submitted in support of the Government's warrant of arrest." "Claim III" contends that counsel was ineffective because he allegedly "advis[ed] [Gray] to enter a plea of guilty without objecting to the admission of evidence" and therefore "denied [him] an opportunity to challenge issues related to the admissibility of evidence on both direct and appellate review." Finally, in "Claim IV," petitioner contends that "the District Court failed to inform him of the true nature of the charged offense to which his plea of guilty was offered." Liberally construed, the claim appears to assert both (a) that that petitioner did not understand that the offense to which he pled included activity occurring on *both* February 2 and February 6, 2002; and (b) that the crime to which petitioner entered a plea did not match the crime as recited in the indictment.

Even the most generous and patient of judicial lenses can discern in these claims only the grossest of abuses of the 2255 vehicle. Indeed, their advancement is in such defiant disregard of matters of record that the adjudication "frivolous" somehow seems inadequate.

The minutes of the plea proceedings show, manifestly, that the Court accepted the guilty plea only after assuring itself that petitioner had discussed the charges with his attorney, was satisfied with his attorney, understood the rights he was giving up by entering his plea, knew the possible penalties he faced, and was entering his plea of his own free will. See *United States v. Calvin Gray, 02-CR-969*, Transcript, April 9, 2003 at 4-22. Indeed, the minutes of the plea reflect a patient Court, an informed defendant, and an utter lack of ambiguity in their exchange about these crucial matters. The minutes also contain Magistrate Judge Pohorelsky's considerably detailed explanation to petitioner of the nature of the charge to which petitioner was about to plead.

2

Magistrate Judge Pohorelsky told petitioner, for example, that the charge "[is] what's called a lesser included offense of the offense that's charged in Count One" involving conduct that occurred "on or about and between February 1st and February 6th of 2002." Id. at 10. The Court also spelled out the meaning of "conspiracy" in easily understood language:

> In essence, a conspiracy—when you're charged with conspiring to do something it means that you had an agreement, whether it was expressed or if it was just a common understanding with at least one other person. That is, it was—you had some sort of an understanding with one or more other people that you would work together to accomplish some criminal purpose. In this case, the criminal purpose was to possess crack and to—possess it and to distribute it. That's the charge. It's alleged that this agreement, this understanding was in place in the time period of February 1, 2002 and February 6, 2002 in that area of time.

Id.

Further, in response to the charge of ineffectiveness petitioner's counsel has certified to the Court that he "methodically explained the nature of the charges, the indictment, the law pertaining to search and seizure, and all effective and relevant defenses to the charges and spent an inordinate amount of time on numerous occasions discussing the case as well as the best way to proceed." Certificate of Paul W. Bergrin, Esq., dated April 14, 2004, ¶ 2. Such certification was hardly necessary in this case, as this Court had already complimented Mr. Bergrin (at the time of sentencing) on the exceptional representation he had rendered on petitioner's behalf.

**C.    The Rule 60(b) Claim**

Petitioner seeks to vacate the judgment of conviction entered against him on the ground that the Court "lacks personal and subject matter jurisdiction over the underlying case for which judgment was entered."

This Court's jurisdiction, however, was beyond question. Subject matter existed because

3

petitioner was charged with violating federal law. See U.S. Const. art. III, §2, cl. 1 ("The judicial Power shall extend to all Cases . . . arising under . . . the Laws of the United States. . ."); 18 U.S.C. § 3231 ("district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States"). The Court also had personal jurisdiction. See United States v. Bodmer, 342 F. Supp. 2d 176, 188 (S.D.N.Y. 2004) (internal citation omitted) (in criminal matters, "[j]urisdiction is presumed by virtue of the defendant's presence").

## CONCLUSION

The application for relief under 28 U.S.C. § 2255 is denied and the petition dismissed. The motion under Federal Rule of Civil Procedure 60(b) to vacate the judgment of conviction is also denied. Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), so a certificate of appealability will not issue.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2010

s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge